USCA1 Opinion

 

 September 29, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1163 HAVEN TRIPLETT, Plaintiff, Appellant, v. PHILLIP W. JOHNSON, ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. A. David Mazzone, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ____________________ Haven Triplett on brief pro se. ______________ Scott Harshbarger, Attorney General, and Susan B. Carnduff, __________________ ___________________ Assistant Attorney General, on Motion for Summary Decision and Memorandum in Support of Motion for Summary Decision, for appellees. ____________________ ____________________ Per Curiam. Plaintiff is not entitled to relief in __________ the present forum concerning his complaint that Mount Wachusett Community College (MWCC) wrongfully retained PELL grant funds because no private right of action is implied under the PELL Grant Program. L'ggrke v. Benkula, 966 F.2d _______ _______ 1346 (1st Cir. 1992). As for plaintiff's complaints that MWCC cancelled courses, refused free CLEP tests, failed to credit Elkins Institute courses, and did not issue a certificate of completion, plaintiff has failed to state any cognizable federal claim. No state statute or regulation confers on plaintiff a property or liberty interest in receiving any particular instructional course, college credits, or a certificate of completion. To the contrary, the statutes on which plaintiff relies grant broad discretion to defendants to determine what types of programs to offer. Nor need we determine whether MWCC violated any contractual agreement it may have had with plaintiff because a mere breach of contract of the sort claimed would not give rise to a 1983 claim for deprivation of property without due process. San Bernardino ______________ Physicians' Services Medical Group, Inc. v. County of San __________________________________________ ______________ Bernardino, 825 F.2d 1404 (9th Cir. 1987); Jimenez v. __________ _______ Almodovar, 650 F.2d 363, 370 (1st Cir. 1981) ("A mere breach _________ of contractual right is not a deprivation of property without constitutional due process of law . . . . Otherwise, ______________ -2- virtually every controversy involving an alleged breach of contract by a government or a governmental institution or agency or instrumentality would be a constitutional case."). Affirmed. ________ -3-